**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DONALD RAY MCCRAY,** ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:11-CV-1020-G-BH |
| ) | |
| **RICK THALER, Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Petitioner, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and a motion to proceed *in forma pauperis* ("IFP") that were received on May 17, 2011. On May 19, 2011, the Court issued a *Notice of Deficiency and Order* notifying him that he had not submitted enough information in support of his IFP motion. He was ordered to submit the required certificate of inmate trust account ("CTA") within thirty days or pay the filing fee and warned that failure to do so could result in dismissal of his case. More than thirty days from the date of that order have passed, but petitioner has not submitted a CTA, paid the filing fee, or filed anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835

F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the order that he submit the required CTA or pay the fee within thirty days. This case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### III. RECOMMENDATION

If petitioner does not pay the $5 filing fee or submit a CTA with in the time for filing objections to this recommendation, the Court should deny his application to proceed *in forma pauperis* and dismiss the case without prejudice for failure to prosecute or follow orders of the court pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 5th day of July, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE