IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY MCCRAY, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:11-CV-1020-G-BH |
| | ) | |
| RICK THALER, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DISMISSED** as time-barred.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The respondent is Rick Thaler, Director of TDCJ-CID.[2]

After having pled not guilty, petitioner was convicted by a jury of the offense of murder in Cause No. F87-82930 on June 14, 1992 in Dallas County, Texas. (Petition (Pet.) at 2; *see also*

---

[1] Petitioner is a vexatious litigant who has been barred by the Fifth Circuit from filing any civil action *in forma pauperis* in any court under its jurisdiction without seeking prior permission. *McCray v. Lower*, 96 F.3d 1443 (5th Cir. Aug. 21, 1996). The Court finds that this habeas action is not subject to the bar because no federal court has previously addressed the conviction at issue in this federal habeas petition on its merits. *See McCray v. Johnson*, 3:98-cv-1965-P (N.D. Tex. Nov. 20, 1998) (dismissal of habeas petition without prejudice for want of prosecution and for failure to follow an order of the court).

[2] To the extent that petitioner attempted to amend his habeas petition to allege a civil action against Joseph E Phillips, Clerk of the Court, by adding him to the caption of the case in his objections and second application to proceed *in forma pauperis*, he may not do so in this habeas case. Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because petitioner challenges a conviction that has resulted in his incarceration in the TDCJ-CID, Director Rick Thaler is the only appropriate defendant. to the extent that petitioner seeks to assert claims against Mr. Phillips, he must first seek and obtain permission as required by the Fifth Circuit. *McCray*, 96 F.3d at 1443.

*McCray v. State*, 861 S.W.2d 405 (Tex. App.–Dallas, 1993, no pet.)). He was sentenced to thirty-five years imprisonment. *Id.* Petitioner filed an appeal challenging the sufficiency of the evidence to support the conviction, the admission of certain testimony by the medical examiner, and arguing that the trial court erred in not charging the jury on self-defense. *McCray v. State*, 861 S.W.2d at 406. The Fifth District Court of Appeals affirmed petitioner's conviction in a published opinion on July 26, 1993. *Id.* He did not file a petition for discretionary review.

Petitioner has filed numerous state writ applications. His first state writ was filed on November 12, 1996 and was denied on its merits by the Court of Criminal Appeals on February 2, 1997. *See Ex parte McCray*, WR-32,815-01 (Tex. Crim. App. Feb. 12, 1997). His second state writ was filed on February 11, 1997, and was denied on its merits on June 11, 1997. *See Ex parte McCray*, WR-32,815-02 (Tex. Crim. App. June 11, 1997). His third state writ was filed on February 27, 1997, and was dismissed as an abuse of the writ on June 11, 1997. *See Ex parte McCray*, WR-32,815-03 (Tex. Crim. App. June 11, 1997) (*see also* www.dallascounty.org, search petitioner's criminal history). Petitioner filed three more state writs, two of which were dismissed as abuses of the writ on October 8, 1997, and one of which was dismissed as an abuse of the writ on November 1, 2000. *See Ex parte McCray*, WR-32-815-04, WR-32,815-05, WR-32,815-06. Petitioner mailed his federal petition on May 9, 2011. (Pet. at 9).

## II. STATUTE OF LIMITATIONS

### A. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D). Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

In this case, petitioner appealed his conviction but filed no petition for discretionary review. His state conviction became final for purposes of § 2244(d) upon the expiration of the time frame for seeking further review after his conviction was affirmed on direct appeal; that date was August 25, 1993, thirty days after the appellate court rendered its judgment on July 26, 1993. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR).

Where a conviction became final before the April 24, 1996 enactment of the AEDPA, the petitioner had one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Petitioner is therefore entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

Petitioner claims that his conviction is illegal because it is based on testimony from a witness who recanted certain testimony during trial and because of certain actions taken by the trial judge during trial. (Pet. at 7-8; Memorandum (Mem.) at 2-3). Under subparagraph (D), the facts supporting these claims became known or could have become known prior to April 24, 1996. Because he filed his petition more than one year after this date, a literal application of § 2244(d)(1) renders his May 9, 2011, federal habeas filing[3] untimely.

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner has filed six state writs, five of which were denied or dismissed in 1997, and one of which was dismissed in 2000. Accordingly, the latest possible date which a state writ might have tolled the limitations period would have been November 1, 2000, when his last state

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

writ application was dismissed by the Court of Criminal Appeals. Petitioner filed his federal petition almost eleven years after this date. Accordingly, the statutory tolling provision does not save petitioner's federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner presented no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred as untimely.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 25th day of July, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE